The defendant Farrar, residing in Chatham County, being indebted by note to the plaintiffs, merchants of Fayetteville, on 15 (164) February 1820, in discharge of the debt assigned to the plaintiffs (acting by their agent, Thomas C. Hooper) sundry judgments obtained by defendant before a justice of the peace against Herndon *Page 91 
Haralson, having execution stayed thereon on the surety of A. D. Murphy; and on the same day executed to the plaintiffs a writing by which he contracted to guarantee the payment of the judgments, on which contract the action was brought. These were accepted by plaintiffs in satisfaction of the original debt. Before the assignment of the judgments and before the stay of execution had expired Haralson, the principal in the judgments, removed out of the State, carrying with him his property, which was more than sufficient to satisfy the judgments, and has continued since in parts out of the State and in solvent circumstances. The judgment and executions were placed by Hooper, at the request of the defendant, in the hands of one Lightfoot, and the defendant offered to show Lightfoot property belonging to the surety Murphy on which he might levy; but Lightfoot declined levying, alleging that the surety had promised to pay the money, and that the defendant need not trouble himself, as he (Lightfoot) would take the responsibility on himself and exonerate the defendant. Of this transaction between Lightfoot and the defendant no notice was given to plaintiffs or their agent. The defendant afterwards requested the agent to place the papers in the hands of one Crump, a constable, stating as a reason for the request that Lightfoot did not exert himself to collect the money. This was done, and though Crump repeatedly applied to the defendant to show him property belonging to the surety, the defendant failed to do so. In the meantime the surety met with losses which rendered him entirely unable to satisfy the judgments or any part thereof.
In every instance relative to the judgments assigned, the (165) agent asked and acted under the advice of the defendant, and always urged the collection of the judgments.
It was insisted on the trial below that the defendant was entitled to a verdict on one or all of the following grounds:
1. That the negligence and other conduct of Lightfoot, who was to this matter the plaintiff's agent, had discharged the defendant.
2. That Haralson, the principal, was now solvent, and the money should have been collected out of him, or proper efforts used therefor, before the defendant could be charged.
3. That the plaintiffs had, under the circumstances before stated, been guilty of such negligence as exonerated the defendant.
The judge instructed the jury that Lightfoot, under the circumstances disclosed (supposing them true), was not such an agent of the plaintiffs as had power to give a discharge to the defendant, and that therefore neither the neglect of Lightfoot to levy, nor what passed between him and the defendant, could, unless known, approved, adopted, *Page 92 
or in some way countenanced by the plaintiffs or their agent, release Farrar from his liability.
The court further instructed the jury that the plaintiffs were not bound, under the circumstances above stated, before having recourse to the defendant, to pursue Haralson when beyond the limits of the State, and that therefore, the fact of Haralson's being in possession of sufficient estate where he resided was, in this case, no sufficient answer to the plaintiffs' claim. And the court further instructed the jury that in general a guarantee was not bound to the highest possible degree of diligence, but it was sufficient if he resorted to such means as were within his power, in such time as a prudent and discreet man would in like circumstances, to collect his own debt; and if, using such diligence, he failed to obtain satisfaction of the principal, he (166) would be entitled to resort to the guarantor. And that in this particular case if the jury believed from the evidence that immediately after the assignment the judgment with executions were placed in the hands of Lightfoot, at the request of the defendant, who undertook to show property to satisfy them; that subsequently, at a like request, they were given to another officer designated by defendant, to whom also he engaged to show property, and that the defendant, living within the county of Chatham, where neither plaintiffs or their agent resided, had direction of the claim; that the plaintiffs and their agent were ignorant of the conduct of Lightfoot, and did not either authorize or adopt it; that no interference took place on the part of the plaintiffs by authorizing delay or otherwise, and that the defendant failed to show property to the second officer designated by him, Crump; then the defendant was not discharged, and the jury should find for the plaintiffs, unless it appeared to the jury that the plaintiffs, or their agent had possessed some opportunity or means of receiving the debt of which they had neglected to avail themselves.
The jury found a verdict for the plaintiffs, on which judgment being rendered the defendant appealed to this Court.
We think that the rule for a new trial ought to be discharged, and that for the reasons given by the judge in his charge to the jury, which it is unnecessary here to repeat.
PER CURIAM. No error.
Cited: Eason v. Dixon, 19 N.C. 78; Beeker v. Saunders. 28 N.C. 381. *Page 93 
(167)